# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3129

_____

| | | |
|---|---|---|
| Linda Tiessen, et al., | * | |
| | * | |
| Plaintiffs - Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| County of Pine, Minnesota, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted:  May 18, 2001

Filed:  August 3, 2001

_____

Before LOKEN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

On the night of April 6, 1996, Linda Tiessen telephoned authorities to report that her husband, Joe Tiessen, was threatening an unknown person in their front yard. An inebriated Joe Tiessen was arrested and taken to the Pine County jail. At the jail, Tiessen was not immediately classified as suicidal, as he had been after a similar arrest four months previously, and his booking was delayed while the jailer worked on other bookings. The jailer administered an intoxilyzer test, which revealed Tiessen had a blood-alcohol level of .11, removed his belt and shoes, put him in a holding cell with another detainee, and checked on Tiessen's condition two or three times in the next

hour-and-one-half. At 4:06 a.m., the jailer discovered that Tiessen had hung himself. Linda Tiessen and her children then commenced this action, alleging a claim under 42 U.S.C. § 1983 against Pine County for failure to protect a suicidal pretrial detainee and negligence claims under state law.

The district court[1] granted summary judgment in favor of Pine County, dismissing the federal claim for failure to prove deliberate indifference to the risk of inmate suicides and remanding the state law claims to state court. Tiessen, et al. v. County of Pine, et al., Civ. File No. 98-2594, Memorandum and Order (D. Minn. Aug. 14, 2000). Plaintiffs appeal, arguing the district court improperly weighed the evidence and made credibility determinations, improperly viewed evidence favorably to Pine County, and misapplied the deliberate indifference standard in jail suicide cases. After careful review of the record, we conclude these contentions are without merit. In determining that Pine County's customs and practices for training and supervising its officers were not deliberately indifferent to the risk of jail suicides, the district court properly applied the standard for ruling on summary judgment motions and this court's prior inmate suicide cases. See Gregoire v. Class, 236 F.3d 413, 417-19 (8th Cir. 2000); Williams v. Kelso, 201 F.3d 1060, 1065-66 (8th Cir. 2000); Liebe v. Norton, 157 F.3d 574, 578-80 (8th Cir. 1998); Rellergert v. Cape Girardeau County, 924 F.2d 794, 796-97 (8th Cir. 1991). Accordingly, we affirm for the reasons stated in the district court's thorough opinion. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE PAUL A. MAGNUSON, then Chief Judge of the United States District Court for the District of Minnesota.